UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRANDON ALFONSO CAMPOS LOZADA,
individually, and on behalf of all others similarly
situated,

                              Plaintiff,

v.

HAITECH WORKS LLC,

                              Defendant.

1:24-cv-01041 (AMN/DJS)

---

**APPEARANCES:**

**JUSTICIA LABORAL, LLC**
6232 N. Pulaski Road – Suite 300
Chicago, Illinois 60646
*Attorneys for Plaintiff*

**OF COUNSEL:**

**DANIEL I. SCHLADE, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On August 23, 2024, Plaintiff Brandon Alfonso Campos Lozada ("Lozada") commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*, seeking money damages and reasonable attorney's fees and costs. Dkt. No. 1. Presently before the Court is Plaintiff's motion for a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. No. 15 (the "Motion").

For the reasons set forth below, Plaintiff's Motion is denied without prejudice.

### II.    BACKGROUND

Defendant Haitech Works LLC ("Haitech Works") is a limited liability company with a

1

principal place of business in Albany, New York.  Dkt. No. 1 ¶ 3.  Haitech Works is primarily engaged in the operation of a construction business.  *Id.* at ¶ 4.

Plaintiff Lozada is a former employee of Defendant Haitech Works.  Dkt. No. 15-1 ¶ 2.  Plaintiff is an adult resident of the state of New York who was employed by Defendant from January 2023 to August 2023 as a construction worker.  *Id.* at ¶¶ 1-3.  Plaintiff's primary job duties included carrying materials, removing debris, and other similarly related duties of a general construction worker.  Dkt. No. 1 ¶ 18.

Plaintiff alleges that he regularly worked an excess of forty hours per week without receiving overtime compensation as required by federal and New York law.  *Id.* at ¶ 5.  Specifically, Plaintiff alleges that he was subject to a compensation policy instituted by Defendant which did not legally compensate him for all overtime hours worked at the federally and New York mandated overtime rate.  *Id.* at ¶ 6.

Plaintiff filed this suit alleging violations of the FLSA and NYLL.  *Id.* at ¶¶ 61-91.  Plaintiff styled his action as a collective action pursuant to Section 16(b) of the FLSA seeking to recover damages pursuant to the FLSA and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure seeking to recover damages pursuant to the NYLL.  *See id.* at ¶¶ 38-60.  However, after receiving approval to conduct pre-appearance discovery and pursuing the same, Plaintiff opted to proceed on an individual basis while reserving the right to proceed on a collective and/or class basis in the event that Defendant appears in the action.  *See* Dkt. No. 13 at 1.[1]  Plaintiff now seeks a default judgment on an individual basis regarding his FLSA and NYLL claims.

Haitech Works was served on or about August 28, 2024, via its registered agent, Registered

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

2

Agents Inc., located at 418 Broadway, Suite R, Albany, New York 12207. Dkt. No. 5. Despite service, Haitech Works has failed to respond to the Complaint or enter an appearance. On October 14, 2024, Plaintiff filed a request for entry of a certificate of default pursuant to Federal Rule of Civil Procedure 55(a), which the Clerk of Court granted. *See* Dkt. Nos. 6, 7.

### III.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The first step is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* (quoting Fed. R. Civ. P. 55(a)); *see also* N.D.N.Y. L.R. 55.1 (setting forth affidavit requirements). Entry of a default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis*, 645 F.3d at 128. The second step "requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011). Entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled[.]" *Mickalis*, 645 F.3d at 128. A default judgment "ordinarily must be entered by the district judge, rather than by the clerk of court, except in certain circumstances[.]" *Id.*; *see also* N.D.N.Y. L.R. 55.2 (setting forth requirements for requesting a default judgment).

"Before entering a default judgment, the court 'must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a]

default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law.'" *Windward Bora, LLC v. Brown*, No. 21-cv-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (alteration in original) (quoting *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722, 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020)).  Additionally, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (citations omitted).  When evaluating a request for a default judgment, a "district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)-(C)).

While a court may enter a default judgment if the requisite standard is satisfied, the Second Circuit has cautioned that default judgments "are generally disfavored and are reserved for rare occasions[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  "Because we have 'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . we have characterized a district court's discretion in proceeding under Rule 55 as 'circumscribed.'" *Mickalis*, 645 F.3d at 129 (first quoting *Green*, 420 F.3d at 104; then quoting *Enron*, 10 F.3d at 95; and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)).

4

IV.     **DISCUSSION**

      A.  **Jurisdiction and Procedural Requirements**

The Court first addresses its jurisdiction over this matter.  While a "plaintiff has the burden to establish jurisdiction, a federal court has an independent obligation to determine whether subject-matter jurisdiction exists 'even in the absence of a challenge from any party.'"  *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024) (quoting *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))).  Federal question jurisdiction exists over Plaintiff's FLSA claim and supplemental jurisdiction exists over Plaintiff's NYLL claims.  *See* 28 U.S.C. §§ 1331, 1367; Dkt. No. 1 ¶ 10.  Moreover, the Court has personal jurisdiction over Defendant because Haitech Works is a New York Limited Liability Company with a principal place of business in Albany, New York.  *See* Dkt. No. 1 ¶ 3.

Next, the Court must assess whether Plaintiff has taken "all the required procedural steps in moving for [a] default judgment."  *Windward Bora*, 2022 WL 875100, at *2.  Here, Plaintiff properly requested and obtained entry of a certificate of default by presenting the materials required by Federal Rule of Civil Procedure 55(a) and Local Rule 55.1.  *See* Dkt. Nos. 6, 7.  In addition, though not required by the Local Rules, Plaintiff's counsel filed a certificate of service indicating that he served Plaintiff's request for a certificate of default under Federal Rule of Civil Procedure 55(a) on Defendant, mitigating any concern that Defendant is unaware of its default.  Dkt. No. 15 at 2.  Next, Plaintiff properly filed the present motion in accordance with Federal Rule of Civil Procedure 55(b).  *See id.*  Though Plaintiff filed no certificate of service demonstrating that he served the Motion on Defendant, he need not do so.  *See, e.g., Alston v. City of New York*, No. 22-cv-5395, 2024 WL 4100175, at *5 (E.D.N.Y. Sept. 5, 2024) ("This limitation in the rule is

based on the common-sense assumption that if a party has ignored service of a summons and complaint, a plaintiff does not have to chase him down with subsequent notices to see if he has changed his mind."), *appeal filed*, No. 24-2521 (2d Cir. Sept. 25, 2024).  Accordingly, the Court finds that Plaintiff has complied with the procedural requirements for seeking a default judgment.

### B.  FLSA Liability

Next, the Court must assess whether Plaintiff's allegations, taken as true, establish liability. Pursuant to the FLSA, employers must pay employees "for hours worked in excess of forty per week 'at a rate not less than one and one-half times the regular rate at which they are employed[.]'" *Yanchaliquin v. Chuqui Builders Corp.*, No. 23-cv-504, 2023 WL 7299810, at *3 (N.D.N.Y. Nov. 6, 2023) (quoting 29 U.S.C. § 207(a)(1)) (cleaned up).

To establish liability under the FLSA, Plaintiff must show that: (i) Defendant is an employer subject to the FLSA, (ii) Plaintiff is an employee within the meaning of the FLSA, and (iii) the employment relationship is not exempted from the FLSA.  *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 365 (E.D.N.Y. 2022) (quotations and citation omitted).  An employer is subject to the FLSA's overtime provisions if "(1) their employees are 'engaged in commerce,' or (2) the employer is an 'enterprise engaged in commerce.'"  *Id.* at 366-67 (quoting 29 U.S.C. §§ 206, 207) (citation omitted).  These two categories are commonly referred to as individual coverage and enterprise coverage, respectively.

#### 1.  Enterprise Coverage

An employer is an "enterprise engaged in commerce" if it is an enterprise that "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and [] has an annual gross volume of sales made or business done of not less than $500,000."  *Yanchaliquin*, 2023 WL 7299810, at *3 (quoting 29

6

U.S.C. § 203(s)(1)(A)(i)-(ii)) (cleaned up).  "Commerce" is defined as "trade, commerce, transportation, transmission, or communication" among several states or between any state and any place outside of it.  *Sanchez*, 643 F. Supp. 3d at 367 (quoting 29 U.S.C. § 203(b)).

Here, Plaintiff alleges that Defendant, at all relevant times, is an employer of Plaintiff, as defined by 29 U.S.C. § 203(d).  Dkt. No. 1 ¶ 9.  While courts must draw all reasonable inferences in the plaintiff's favor, *see Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009), Plaintiff's assertion that Defendant is an "employer" subject to the FLSA is a legal conclusion and, therefore, not automatically assumed to be true.  *See Sanchez*, 643 F. Supp. 3d at 366.

When the complaint makes no mention of an enterprise's gross annual sales or business, and a plaintiff fails to allege specific facts demonstrating that the enterprise meets the $500,000 gross annual sales or business threshold, courts have found such bare allegations insufficient.  *See Gonzales v. Gan Israel Pre–School*, No. 12-cv-06304, 2014 WL 1011070, at *7 (E.D.N.Y. Mar. 14, 2014) (noting that "[m]ost cases in this Circuit . . . require that a plaintiff plead the specific fact that the defendant did $500,000.00 or more in annual gross business"); *see, e.g.*, *Klimchak v. Cardrona, Inc.*, No. 09-cv-4311, 2014 WL 3778964, at *2 (E.D.N.Y. July 31, 2014) (concluding that plaintiffs failed to plead that the defendants met the $500,000 annual gross business requirement because "the complaint is silent with respect to [the defendants] gross annual revenue sales and [p]laintiffs allege[d] no specific facts to meet the $500,000 annual gross business requirement" (quotations and citation omitted)); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 85-86 (E.D.N.Y. 2012) (concluding that the plaintiff's allegation that the defendant-restaurant was

an employer engaged in commerce—unsupported by any nonconclusory factual allegations—was insufficient to prove that the restaurant had gross annual sales exceeding $500,000).[2]

Accordingly, the Court finds that Plaintiff has failed to sufficiently plead that Defendant Haitech Works is "an enterprise engaged in commerce" as defined by the FLSA.

### 2. Individual Coverage

In the alternative, Plaintiff may establish that he was personally engaged in commerce or in the production of goods for interstate commerce, as distinguished from someone "who merely affected that commerce." *See Xelo v. Mavros*, No. 03-cv-3665, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (quoting *McCleod v. Threlkeld*, 319 U.S. 491, 494 (1943)). To determine whether individual employees are engaged in commerce, the court must "focus on the activities of the employees and not on the business of the employer," *see Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959)), by "conduct[ing] a fact-specific inquiry into the employment actions of each and every employee asserting a claim under the [FLSA]." *Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007). "As a basic rule, if the plaintiff did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA." *Santacruz v. Blok Chocolatier LLC*, No. 19-cv-544, 2021 WL 4341103, at *4 (E.D.N.Y. June 23, 2021) (quotations and citation omitted), *report and*

---

[2] Plaintiff also fails to plead that Defendant "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). While some courts have inferred that an enterprise utilized goods or materials that had moved in interstate commerce from the nature of the enterprise's business, in those cases, plaintiffs had pled the requisite volume of gross annual sales. *See, e.g.*, *Yanchaliquin*, 2023 WL 7299810, at *3 (finding it reasonable to infer that the materials for providing roof building services *that generate over $500,000 in annual sales* do not come exclusively from New York State (emphasis added)); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) (finding it "reasonable to infer that the myriad goods necessary to operate a . . . restaurant with an eat-in dining area and over $500,000.00 in annual sales do not exclusively come from New York State").

*recommendation adopted*, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021). Evidence that an employee sometimes engaged in interstate commerce activities, such as bank transactions or mail delivery, is not enough. *See Owusu v. Corona Tire Shop, Inc.*, No. 09-cv-3744, 2013 WL 1680861, at *4 (E.D.N.Y. Apr. 17, 2013) (citing *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 90 (E.D.N.Y. 2010)). "The employee must be so closely related to the movement of the commerce as to be a part of it, as opposed to simply performing activities that affect or indirectly relate to interstate commerce." *Locke*, 690 F. Supp. 2d at 90 (quotations and citation omitted).

Here, Plaintiff has not pled that he was engaged in commerce or in the production of goods for commerce. *See Oyenuga v. Presidential Sec. Servs. LLC*, No. 22-cv-4972, 2023 WL 7687237, at *3 n.2 (E.D.N.Y. Sept. 25, 2023). The Complaint only states that Plaintiff is a "general worker" employed by Defendant, whose primary job duties were to "perform general worker duties, carry materials, remove debris, and other similarly related duties." Dkt. No. 1 ¶¶ 16, 18. The Complaint fails to provide additional facts such as the locations of the sites Plaintiff worked, whether Plaintiff traveled outside of New York as part of his job, whether he had any contact with out-of-state customers or businesses, or whether the tools or materials he used were delivered from outside New York State. *See, e.g.*, *Tene v. Neuehaus Studios Inc.*, No. 23-cv-2040, 2024 WL 1270816, at *5 (E.D.N.Y. Mar. 26, 2024) (noting that the plaintiff "fail[ed] to offer additional facts, such as where the tools or the materials came from, the site locations at which Plaintiff worked, or whether any travel outside of New York was required"); *Tenemaza v. Eagle Masonry Corp.*, No. 20-cv-452, 2021 WL 8317120, at *7 (E.D.N.Y. July 22, 2021) (finding that the plaintiff "fail[ed] to provide any information about the bricks, mortar or other supplies he used in his work so as to allege that they had moved in interstate commerce"). Without any factual allegations describing the performance of work involving or relating to the movement of persons or goods between states,

Plaintiff fails to establish that he was personally engaged in commerce or in the production of goods for commerce, as defined by the FLSA. *See, e.g.*, *Santacruz*, 2021 WL 4341103, at *4 (concluding that mere description of plaintiff's work as a "chocolate preparer . . . responsible for preparing chocolate and mixing ingredients," without more, was insufficient to establish personal engagement in commerce or the production of goods for commerce).

* * *

For the above reasons, the Court finds that Plaintiff's allegations are insufficient to establish that Defendant is an employer subject to the FLSA. Accordingly, the Court finds that Plaintiff failed to establish the threshold requirements for an FLSA claim against Defendant, and thus, Plaintiff's FLSA claim is dismissed without prejudice.

### C.  NYLL Claims

"Whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367 'is within the sound discretion of the district court.'" *Hosseini v. Miilkiina LLC*, No. 22-cv-1459, 2023 WL 2136390, at *6 (S.D.N.Y. Feb. 21, 2023) (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013)). "A court 'may decline to exercise supplemental jurisdiction over' state-law claims among nondiverse parties where it 'has dismissed all claims over which it has original jurisdiction.'" *Dixon v. Int'l Unified Workforce, Inc.*, No. 18-cv-7191, 2020 WL 6140054, at *4 (E.D.N.Y. Sept. 1, 2020) (quoting 28 U.S.C. § 1367(c)). Specifically, "a court may decline to exercise supplemental jurisdiction over state law claims at the default judgment stage if it denies default judgment as to all federal claims—so long as doing so serves 'judicial economy, convenience, fairness and comity.'" *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-cv-5624, 2020 WL 5105063, at *3 (E.D.N.Y. Aug. 31, 2020) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)).

Here, federal question jurisdiction exists over Plaintiff's FLSA claim, and supplemental jurisdiction exists over Plaintiff's NYLL claims. *See* Dkt. No. 1 ¶ 10. Because Plaintiff failed to demonstrate an element of his FLSA claim, *see supra* Section IV(B), only his NYLL claims remain. By declining to exercise supplemental jurisdiction at the default judgment stage, the Court "choose[s] not to decide the merits of [P]laintiff's NYLL claims . . . to avoid needless decisions of state law." *Yang v. Zhou's Yummy Rest., Inc.*, No. 19-cv-5203, 2023 WL 2347885, at *6 (E.D.N.Y. Mar. 3, 2023) (citations and quotations omitted) (cleaned up); *see also Dixon*, 2020 WL 6140054, at *3-4 (denying motion for default judgment and declining to exercise jurisdiction over NYLL claims when plaintiff failed to plead individual or enterprise coverage under the FLSA); *Fernandez v. Main Glatt Corp.*, No. 12-cv-986, 2014 WL 1310287, at *3-4 (E.D.N.Y. Mar. 14, 2014) (same); *Santacruz*, 2021 WL 4341103, at *5 (same). If Plaintiff successfully amends his complaint to sufficiently plead his FLSA and NYLL claims, "judicial economy will be better served by a decision that addresses both the federal and state claims." *Hosseini*, 2023 WL 2136390, at *7.

For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses Plaintiff's remaining NYLL claims without prejudice. Accordingly, Plaintiff's motion for entry of default judgment against Defendant Haitech Works is denied without prejudice.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion, Dkt. No. 15, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff is granted leave to file an amended complaint within thirty (30) days of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 14, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge