**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRANDON ALFONSO CAMPOS LOZADA,

                                    Plaintiff,                    1:24-cv-01041 (AMN/DJS)

v.

HAITECH WORKS LLC,

                                      Defendant.

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **JUSTICIA LABORAL, LLC** | **DANIEL I. SCHLADE, ESQ.** |
| 6232 N. Pulaski Road – Suite 300 | |
| Chicago, Illinois 60646 | |
| *Attorneys for Plaintiff* | |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

On August 23, 2024, Plaintiff Brandon Alfonso Campos Lozada commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*, seeking money damages and reasonable attorney's fees and costs. Dkt. No. 1. Presently before this Court is Plaintiff's second motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. No. 25 ("Motion").

For the reasons set forth below, Plaintiff's Motion is granted.

### II.    BACKGROUND

For a full recitation of the factual background, the Court refers the Parties to its previous Memorandum-Decision and Order on Plaintiff's initial motion for default judgment. *See* Dkt. No.

16 at 1-3.[1]

### A. Plaintiff's Original Motion for Default Judgment and the Court's October 14, 2025 Order

On March 7, 2025, Plaintiff filed a motion for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure, *see* Dkt. No. 15, which this Court denied without prejudice on October 14, 2025 based on Plaintiff's failure to sufficiently establish liability under the FLSA. *See generally* Dkt. No. 16. Specifically, this Court found that Plaintiff's allegations were insufficient to establish that Defendant is an employer subject to the FLSA and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *See id.* at 6-11.

### B. Plaintiff's Amended Complaint and Second Motion for Default Judgment

On October 27, 2025, Plaintiff filed an Amended Complaint with leave of this Court. *See generally* Dkt. No. 18. Plaintiff no longer brings a collective action or class action. *Compare* Dkt. No. 1 *with* Dkt. No. 18. Notably, the Amended Complaint provides additional detail regarding the type of commerce in which Defendant is engaged. Specifically, Plaintiff alleges, among other things, that Defendant provides dry wall and finishing, door and cabinet installations, and metal stud framing for commercial and residential projects, and that Plaintiff was involved in several remodeling and construction projects with a value in excess of $500,000. *See* Dkt. No. 18 at ¶ 5. The Amended Complaint also provides more specifics regarding Plaintiff's employment with Defendant. For example, Plaintiff alleges that he entered into an at-will employment agreement with Defendant to perform remodeling and general construction duties, and Defendant established the terms of Plaintiff's employment, including his weekly schedule, rate of pay, and the projects to which he would be assigned on a daily basis. *Id.* at ¶¶ 12-13.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

On November 5, 2025, Plaintiff served his Amended Complaint upon Defendant. *See* Dkt. No. 21. Again, despite service, Defendant has neither appeared in this action nor responded to any filing. *See generally* Docket Sheet. On December 8, 2025, Plaintiff requested an entry of default and submitted a supporting affirmation. *See* Dkt. No. 22. The following day, the Clerk entered default against Defendant. *See* Dkt. No. 23. On January 8, 2026, Plaintiff filed the instant Motion, which included a memorandum of law, supporting declaration, and various exhibits. *See* Dkt. Nos. 25, 26.

### III. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The first step is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* (quoting Fed. R. Civ. P. 55(a)); *see also* N.D.N.Y. L.R. 55.1 (setting forth affidavit requirements). Entry of a default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis*, 645 F.3d at 128. The second step "requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011). Entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled[.]" *Mickalis*, 645 F.3d at 128. A default judgment "ordinarily must be entered by the

district judge, rather than by the clerk of court, except in certain circumstances[.]" *Id.*; *see also* N.D.N.Y. L.R. 55.2 (setting forth requirements for requesting a default judgment).

"Before entering a default judgment, the court 'must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law.'" *Windward Bora, LLC v. Brown*, No. 21-cv-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (alteration in original) (quoting *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722, 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020)). Additionally, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (citations omitted). When evaluating a request for a default judgment, a "district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)-(C)).

While a court may enter a default judgment if the requisite standard is satisfied, the Second Circuit has cautioned that default judgments "are generally disfavored and are reserved for rare occasions[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Because we have 'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . we have characterized a district court's discretion in proceeding under Rule 55 as 'circumscribed.'" *Mickalis*, 645 F.3d at 129 (first quoting *Green*,

420 F.3d at 104; then quoting *Enron*, 10 F.3d at 95; and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)).

## IV. DISCUSSION[2]

### A. Procedural Requirements

As with Plaintiff's first motion for a default judgment, the Court finds that Plaintiff has again satisfied the relevant procedural requirements for seeking a default judgment. Plaintiff properly served Defendant by serving the Amended Complaint on Defendant's registered agent. *See* Dkt. No. 21. On December 8, 2025, Plaintiff properly requested the Clerk's entry of default under Rule 55(a) of the Federal Rules of Civil Procedure, *see* Dkt. No. 22, and pursuant to Local Rule 55.1, Plaintiff affirmed that Defendant was properly served, has defaulted in this action, and is not an infant, in the military, or an incompetent person. *See* Dkt. No. 22-1. On December 9, 2025, the Clerk entered default against Defendant, *see* Dkt. No. 23, and, on January 8, 2026, Plaintiff moved for a default judgment against Defendant under Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2(b). *See* Dkt. No. 25. Accordingly, given that the procedural requirements for entry of a default judgment have been met, the Court turns to address liability.

### B. Liability as a Matter of Law

"To enter a default judgment, a district court must determine whether—after taking all well-pleaded allegations as true and making reasonable inferences in the plaintiff's favor—the plaintiff's allegations establish liability as a matter of law." *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024) (internal quotation marks, citations, and alterations omitted); *see also Moore v.*

---

[2] For the avoidance of doubt, the Court previously ruled that Plaintiff had established that the Court has subject matter jurisdiction over this matter and personal jurisdiction over Defendant. *See* Dkt. No. 16 at 5.

*Booth*, 122 F.4th 61, 69 (2d Cir. 2024) ("[W]e have explained that 'prior to entering a default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" (quoting *Mickalis*, 645 F.3d at 137) (alterations omitted)).

### 1. FLSA Claim

Plaintiff's first claim is that Defendant violated the FLSA by undercompensating Plaintiff for the overtime that he worked. *See* Dkt. No. 18 at ¶¶ 15-32.

### i. Employment Relationship

"To establish liability under the FLSA, a plaintiff must show that he or she is an employee of the defendant within the meaning of the FLSA and that the defendant is an employer subject to the FLSA." *Yanchaliquin v. Chuqui Builders Corp.*, No. 23-cv-504, 2023 WL 7299810, at *3 (N.D.N.Y. Nov. 6, 2023) (internal quotation marks and citations omitted).

The FLSA broadly defines 'employee' as "an 'individual employed by an employer.'" *Mendez v. Prime Mgmt. Consultants LLC*, No. 24-cv-1301 (AMN/PJE), 2026 WL 865758, at *5 (N.D.N.Y. Mar. 30, 2026) (quoting *Wang v. Hearst Corp.*, 877 F.3d 69, 72 (2d Cir. 2017)). Here, Plaintiff alleges that he entered into an at-will employment agreement with Defendant whereby he agreed to perform remodeling and general construction duties in return for $20 per hour, paid on a weekly basis. Dkt. No. 18 at ¶¶ 13, 19. Plaintiff further alleges that these duties do not fall within any of the exemptions under the FLSA. *Id.* at ¶ 14. Such allegations are sufficient to meet the FLSA definition of employee. *See, e.g.*, *Mendez*, 2026 WL 865758, at *5 (finding allegations that defendants employed plaintiffs as manual laborers, each performed renovation and construction work, and were paid (or were supposed to be paid) on a weekly basis sufficient to qualify as an employee under the FLSA); *Yanchaliquin*, 2023 WL 7299810, at *3 (finding that plaintiff qualifies as an employee under the FLSA for purposes of default where plaintiff alleged

6

that defendants employed him for approximately six months, plaintiff performed roof-building duties, and defendants paid plaintiff on a biweekly basis).

An employer is subject to the FLSA's overtime provisions if "(1) their employees are 'engaged in commerce,' or (2) the employer is an 'enterprise engaged in commerce.'" *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 366-67 (E.D.N.Y. 2022) (first quoting 29 U.S.C. §§ 206, 207; and then citing *Padillia v. Manlapaz*, 643 F. Supp. 2d 298, 299 (E.D.N.Y. 2009)). These two categories are commonly referred to as individual coverage and enterprise coverage, respectively. An employer is an "enterprise engaged in commerce" if it is an enterprise that "'has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and . . . has an 'annual gross volume of sales made or business done of not less than $500,000.'" *Yanchaliquin*, 2023 WL 7299810, at *3 (quoting 29 U.S.C. § 203(s)(1)(A)(i)-(ii)) (alterations omitted). "Commerce" is defined as "trade, commerce, transportation, transmission, or communication" among several states or between any state and any place outside of it. *Sanchez*, 643 F. Supp. 3d at 367 (quoting 29 U.S.C. § 203(b)).

Here, Plaintiff alleges that Defendant provides dry wall and finishing, door and cabinet installation, and metal stud framing for residential and commercial projects. Dkt. No. 18 at ¶ 5. Specifically, Plaintiff alleges that he participated in several remodeling and construction jobs during his employment with Defendant, including the construction of an eight-story commercial and residential center and the renovation of a three-story home. *Id.* Plaintiff further alleges that these two construction projects alone exceeded $500,000 in annual revenue. *Id.* Additionally, Plaintiff alleges that as part of his employment with Defendant, he and other employees handled goods and materials that had traveled through interstate commerce, such as insulation, structural steel, piping, and water pumps. *Id.* at ¶ 6.

The Court finds that Plaintiff has sufficiently pled that Defendant is "an enterprise engaged in commerce," as defined by the FLSA. Accordingly, Plaintiff's allegations are sufficient to establish that Plaintiff is an "employee" within the meaning of the FLSA and Defendant is subject to the overtime provisions of the FLSA.

### ii.    Overtime Claim

Next, the Court must assess whether Plaintiff's allegations, taken as true, establish liability. As relevant here, the FLSA "requires a regulated employer who 'employ[s] any of his employees . . . for a workweek longer than forty hours' to compensate that employee 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 114 (2d Cir. 2023) (alterations in original) (quoting 29 U.S.C. § 207(a)(1)). Thus, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)). The pleading standard applicable to FLSA overtime claims is satisfied "if plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work, so that they were eligible for overtime during <u>every</u> week in which they worked their regular schedule." *Herrera*, 84 F.4th at 117. "In that case, a plaintiff . . . need only allege the period of time during which they were employed." *Id.* Moreover, "the plaintiff need not keep 'careful records' of the number of hours worked each week or calculate and 'plead their hours with mathematical precision.'" *Id.* at 114 (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).

Here, the Amended Complaint alleges that Defendant regularly scheduled and directed Plaintiff to work in excess of forty hours per week, and was only paid his hourly rate for each hour

8

worked, including his overtime hours. Dkt. No. 18 at ¶¶ 21-24. Specifically, Plaintiff alleges that he was employed by Defendant from approximately January 16, 2023 until August 2023, and his general schedule required him to work an average of 56 hours per week. *Id.* at ¶¶ 16, 18. Moreover, Plaintiff was not required to record his time spent working and Defendant did not maintain records regarding the hours that Plaintiff worked. *Id.* at ¶ 28.

Accordingly, the Court finds that Plaintiff has sufficiently established that Defendant violated the FLSA by undercompensating Plaintiff for the overtime he worked.

### 2. NYLL Overtime Claim

Plaintiff's second claim is that Defendant also violated the NYLL by undercompensating Plaintiff for the overtime that he worked. Dkt. No. 18 at ¶¶ 33-37. "Because 'the relevant portions of [the] NYLL do not diverge from the requirements of the FLSA, conclusions about FLSA allegations apply equally to NYLL overtime claims.'" *Vega v. Fox Bldg. Grp., Inc.*, No. 24-cv-785, 2025 WL 1785045, at *4 (N.D.N.Y. June 27, 2025) (first quoting *Dejesus*, 726 F.3d at 89 n.5; and then citing *Yanchaliquin*, 2023 WL 7299810, at *4). Accordingly, for the same reasons set forth in *supra* Section IV(B)(1) with respect to Plaintiff's FLSA overtime claim, the Court finds that Plaintiff has sufficiently established that Defendant violated the NYLL by undercompensating Plaintiff for the overtime that he worked.

### 3. NYLL Wage Notice and Wage Statement Claims

Plaintiff's third and fourth claims are that Defendant violated the NYLL by failing to provide Plaintiff with accurate wage notices and wage statements. *See* Dkt. No. 18 at ¶¶ 38-50. Section 195 of the NYLL "requires an employer to provide an employee, at the time of hiring, with a notice (1) describing the employee's rate of pay for regular and for overtime hours; (2) stating whether the employer intends to credit allowances for items such as tips, meals, and lodging

toward the employee's minimum wage; (3) describing certain health care benefits; and (4) providing other basic information." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 303 (2d Cir. 2024) (citing N.Y. Lab. L. § 195(1)(a)).  Additionally, "each time wages are paid, the employer must furnish a statement detailing the calculation of regular and overtime pay for that pay period, along with information on deductions and minimum wage allowances." *Id.* (citing N.Y. Lab. L. § 195(3)).  Moreover, to establish standing with respect to a statutory violation of Section 195, "a plaintiff must show some casual connection between the lack of accurate notices and the downstream harm." *Id.* at 308.

First, Plaintiff plausibly alleges that Defendant violated Section 195(1) of the NYLL by failing to issue accurate wage notices to Plaintiff.  Specifically, Plaintiff alleges that Defendant did not give any notice to Plaintiff in either English or Spanish, Plaintiff's primary language, of his rate of pay, Defendant's regular pay day, and other information required under Section 195(1) of the NYLL.  *See* Dkt. No. 18 at ¶¶ 41, 43-44.  Second, Plaintiff plausibly alleges that Defendant violated Section 195(3).  Specifically, Plaintiff alleges that Defendant failed to provide Plaintiff with accurate wage statements at the time that wages are paid that contained, *inter alia*, the dates of work covered by that payment of wages, the regular hourly rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked.  *Id*. at ¶ 49.

Lastly, Plaintiff adequately alleges that he was harmed by these statutory violations.  Specifically, Plaintiff alleges that he "was never given accurate wage statements or paystubs from which [he] could determine [his] accurate rate of pay, including overtime pay." Dkt. No. 26-3 at ¶ 11.  Such allegations, despite being somewhat sparse, suggest downstream harm beyond regulatory noncompliance—specifically, that Defendant's failure to provide wage notices and wage statements impaired Plaintiff's ability to seek relief due to a lack of information.  *See Guthrie*,

113 F.4th at 310 (noting that "a plaintiff-employee who has plausibly shown that defective notices led him . . . to lose wages has . . . a concrete interest and is not simply policing legal infractions in the abstract"); *see also Rueda v. A & G Iron Works Corp*, No. 25-cv-1791, 2026 WL 183692, at *12 (E.D.N.Y. Jan. 13, 2026) (collecting cases). Accordingly, the Court finds that Plaintiff has alleged sufficient factual allegations of concrete injury in connection with Defendant's failure to provide Plaintiff with the necessary wage notices and wage statements.

### C. Damages

Having found that the Amended Complaint establishes Defendant's liability, the court must also conduct an inquiry to ascertain the amount of damages with reasonable certainty. *See US All. Fed. Credit Union v. M/V Kamara Fam.*, 691 F. Supp. 3d 646, 659 (E.D.N.Y. 2023) (citations omitted). Plaintiff did not request an evidentiary hearing as to damages. Specifically, Plaintiff submits that no damages inquest is necessary because Plaintiff's declaration sufficiently establishes the basis for his damages request. *See* Dkt. No. 26 at 7. "While the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." *United States v. Richardson*, No. 17-cv-2982, 2018 WL 4138934, at *3 (E.D.N.Y. Feb. 13, 2018) (internal quotation marks and citation omitted); *see also Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Construction, LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (noting that Rule 55(b)(2) of the Federal Rules of Civil Procedure "allows but does not require the district judge to conduct a hearing"). "No hearing is necessary, for example, where, based upon a review of detailed affidavits and documentary evidence, the court is assured that there is an adequate basis for the damages sought." *Gould v. Marconi Dev. Grp., LLC*, No. 19-cv-1454, 2020 WL 2042332, at *10 (N.D.N.Y. Apr. 28, 2020) (internal quotation

11

marks and citation omitted).

Plaintiff seeks unpaid overtime wages, liquidated damages under the FLSA, statutory damages for wage notice and wage statement violations under the NYLL, and attorney's fees and costs. *See* Dkt. No. 26 at 7-10. In support of his request for damages, Plaintiff submits a sworn declaration that includes, among other things, his recollection of the hours he worked and the rate of pay he received. *See* Dkt. No. 26-3. In the context of a default judgment brought for violations of the FLSA and the NYLL, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Andrade v. A to Z Hardware, Inc.*, No. 22-cv-7304, 2026 WL 825386, at *7 (E.D.N.Y. Feb. 19, 2026); *see also Garcia v. JonJon Deli Grocery Corp.*, No. 13-cv-8835, 2015 WL 4940107, at *4 (S.D.N.Y. Aug. 11, 2015) ("In the absence of sufficient records, an employee may meet his burden by testifying as to his own recollection of the hours worked." (citing *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)). Accordingly, as an initial matter, the Court finds that such documentation is sufficient for calculating an award of damages without a hearing.

### 1. Overtime Wages

Plaintiff seeks unpaid wages of $5,600 under both the FLSA and NYLL. *See* Dkt. No. 26 at 7-8. While Defendant is liable under both the FLSA and NYLL for failure to pay Plaintiff overtime wages, "plaintiffs are not entitled to recover twice under both the FLSA and NYLL for the same injury." *Hengjin Sun v. China 1221, Inc.*, No. 12-cv-7135, 2016 WL 1587242, at *2 (S.D.N.Y. Apr. 19, 2016) (internal quotation marks omitted) (collecting cases); *see also Marcelino v. 374 Food, Inc.*, No. 16-cv-6287, 2018 WL 1517205, at *10 n.16 (S.D.N.Y. Mar. 27, 2018) (noting that an employee may not receive a "double recovery" of back wages under both the FLSA and the NYLL (citations omitted)).

Here, Plaintiff alleges that he worked 56 hours per week from January 16, 2023 until August 2023 at a rate of $20 per hour and was never paid time-and-a-half wages for any hours worked in excess of 40 hours per week.  Dkt. No. 26-3 at ¶¶ 8-9; Dkt. No. 18 at ¶ 16.  Because Plaintiff was paid his straight time rate of $20 for all hours worked, his overtime premium is $10, which is the difference between his overtime rate—which is $30—and straight time rate. Therefore, since Plaintiff worked 16 hours of overtime each week for the roughly 33 weeks that he worked for Defendant, Plaintiff is entitled to $5,280 in overtime pay.[3]

### 2.  Liquidated Damages

Plaintiff also seeks liquidated damages under the FLSA.  *See* Dkt. No. 26 at 8-9.  While the FLSA and NYLL each provide for payment of "an additional equal amount as liquidated damages," *see* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1), Plaintiff cannot recover liquidated damages under both statutes.  *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018).  Therefore, the Second Circuit has held that an award of liquidated damages under one satisfies the provision for liquidated damages in the other."  *Yanchaliquin*, 2023 WL 7299810, at *6 (citing *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016)).

"'Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages' for violations of the FLSA's . . . overtime provisions." *Bautista v. ABC Corp*, No. 19-cv-3963, 2021 WL 1225872, at *6 (S.D.N.Y. Apr. 1, 2021) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (citing 29 U.S.C. § 216(b))).  "Courts have discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective good faith with objectively

---

[3] Plaintiff appears to miscalculate the amount overtime pay by including the first two weeks of January 2023, which preceded his alleged start date as an employee of Defendant.  *See* Dkt. No. 18-1.

reasonable grounds for believing that its acts or omissions did not violate the FLSA." *Mangahas v. Eight Oranges Inc.*, 754 F. Supp. 3d 468, 507 (S.D.N.Y. 2024) (internal quotation marks and citations omitted). In this case, due to Defendant's default, the record is devoid of any evidence of Defendant's good faith or reasonable belief. *See Cao v. Wedding in Paris LLC*, 727 F. Supp. 3d 239, 298 (E.D.N.Y. 2024) (collecting cases).

Accordingly, Plaintiff is entitled to $5,280 in liquidated damages under the FLSA.

### 3. Statutory Damages

Plaintiff also seeks $10,000 in statutory damages for Defendant's failure to provide wage notices and wage statements as required by Sections 195(1) and (3) of the NYLL. *See* Dkt. No. 26 at 9. "For an employer's failure to provide wage notice at the time of hiring, an employee may recover $50 each workday, not to exceed $5,000." *Brito v. Marina's Bakery Corp.*, No. 19-cv-828, 2022 WL 875099, at *20 (E.D.N.Y. Mar. 24, 2022) (citing N.Y. Lab. Law § 198(1-b)). Similarly, "[f]or [an] employer's failure to provide wage statements, an employee may recover $250 each workday, not to exceed $5,000." *Id.* (citing N.Y. Labor Law § 198(1-d)).

Here, Plaintiff worked more than one hundred days without receiving wage notices and more than twenty days without receiving wage statements. *See* Dkt. No. 18 at ¶¶ 41, 48 (alleging that Defendant failed to issue accurate wage notices and wage statements to Plaintiff). Accordingly, Plaintiff is entitled to the statutory maximum of $5,000 for Defendant's failure to furnish wage notices to Plaintiff, and another $5,000 for Defendant's failure to provide Plaintiff with wage statements. *See, e.g.*, *Brito*, 2022 WL 875099, at *20 (awarding plaintiffs the statutory maximum for wage notice and wage statement violations); *Lamar v. A&O Bros. Corp.*, No. 21-cv-169, 2022 WL 1422439, at *9 (E.D.N.Y. Feb. 2, 2022) (same).

### 4. Attorney's Fees and Costs

Finally, Plaintiff requests an award of $3,324 in attorney's fees and costs.  Dkt. No. 25-2 at ¶ 8.  "Attorney's fees and costs are recoverable under both the FLSA and NYLL." *Yanchaliquin*, 2023 WL 7299810, at *7 (citing 29 U.S.C. § 216(b) and N.Y. Lab. Law § 215(2)(a)).  In the Second Circuit, "the lodestar . . . creates a presumptively reasonable fee," *see Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citations omitted), "which is the number of hours expended multiplied by a reasonable hourly rate."  *Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 244 (S.D.N.Y. 2023) (citing *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007)).

Here, Plaintiff has submitted evidence of both the number of hours worked by his counsel and the rates charged.  *See generally* Dkt. No. 25-2.  With respect to the time that Plaintiff's counsel spent litigating this matter, the Court finds that 6.7 hours is reasonable and demonstrates that counsel acted efficiently.  Counsel's descriptions in the billing records, documenting, in relevant part, the time spent drafting the initial Complaint, the instant Motion, and related affidavits, have sufficient detail to enable the Court to assess reasonableness.  *See* Dkt. No. 25-2 at 2.  Thus, the Court concludes that 6.7 hours is a reasonable amount of time.  *See, e.g.*, *Bärsch v. Modern Boss Marketing LLC*, No. 24-cv-820 (AMN/DJS), 2025 WL 1424254, at *6 (N.D.N.Y. May 16, 2025) (finding a range of 5.95 hours to be reasonable for a case resulting in a motion for a default judgment and collecting cases).

Regarding Plaintiff's counsel's hourly rate, "[t]he Second Circuit has held that in calculating the presumptively reasonable fee, courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Li v. Spa Nail 9, Inc.*, No. 19-cv-873 (AMN/CFH), 2024 WL 3823209, at *2 (N.D.N.Y. Aug. 14, 2024) (internal quotation marks and

15

citations omitted), *appeal dismissed* (Nov. 18, 2024). The Court finds that the $400 hourly rate charged by counsel in this case is not within the reasonable range of rates for attorneys performing similar work in this district. "Reasonable rates in this district have been determined to be anywhere from $250 to $350 for partners, $165 to $200 for associates, and $80 to $90 for paralegals." *Sadowski v. Urbanspotlite LLC*, No. 22-cv-887, 2024 WL 3026565, at *5 (N.D.N.Y. June 17, 2024); *see also Johnson v. Mauro*, No. 16-cv-622, 2019 WL 5842765, at *5 (N.D.N.Y. Nov. 7, 2019) ("A review of cases in this District indicates that the following hourly rates (or rate ranges) are reasonable: $275–$350 for experienced partners; $165–$200 for junior associates; and $90 for paralegals." (collecting cases)). Accordingly, the Court finds that $350 per hour is appropriate compensation for "the primary attorney responsible for handling this matter." Dkt. No. 25-2 at ¶ 2. Thus, the Court reduces Plaintiff's counsel's billable rate to $350 per hour.

Accordingly, after making the appropriate rate adjustments, the Court finds that Plaintiff is entitled to $2,989 in attorney's fees and costs.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion, Dkt. No. 25, is **GRANTED**; and the Court further

**ORDERS** that Defendant is liable for $5,280 in unpaid overtime wages, $5,280 in liquidated damages, and $10,000 in statutory damages; and the Court further

**ORDERS** that Plaintiff's counsel be awarded $2,989 in attorney's fees and costs; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 18, 2026
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

17